UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETER R. MORGAN,

                              **Plaintiff,**

   vs.

                                                            6:20-CV-1424
                                                            (MAD/ML)

CITY OF UTICA, NEW YORK,

                              **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

**PETER R. MORGAN**
70 West Main Street
Mohawk, New York 13407
Plaintiff *Pro se*

**CORPORATION COUNSEL**                **ZACHARY OREN, ESQ.**
**FOR THE CITY OF UTICA**
1 Kennedy Plaza, 2nd Floor
Utica, New York 13502
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff, Peter Morgan, acting *pro se* commenced this action in the State of New York, Supreme Court, County of Oneida, on November 5, 2020, alleging false imprisonment, unlawful confinement, assault and battery, and malicious prosecution. Dkt. No. 1 at 1; Dkt. No. 1-1 at 3.

1

Defendant removed this action to the United States District Court in the Northern District of New York on November 19, 2020.

On February 12, 2021, Defendant filed a motion to dismiss asserting that Plaintiff's complaint fails to sufficiently plead a *Monell* claim or a malicious prosecution claim. Dkt. No. 19. Plaintiff filed an opposition on April 2, 2021. Dkt. No. 23.[1] Currently before the Court is Defendant's motion to dismiss. As set forth below, Defendant's motion it is granted.

## II. BACKGROUND

Although unclear, Plaintiff's complaint appears to allege that on January 7, 2020, Officer Anken followed Plaintiff on Bleeker Street. Dkt. No. 1-1 at 4. Plaintiff was then handcuffed and possibly arrested on that date by Utica Police Officers Herkimer, Talerico, and Santana. *Id*. at 3. Plaintiff asserts that the officers lacked a warrant and were not permitted to arrest him because Plaintiff had no criminal history. *Id*. Plaintiff asserts that he suffered, *inter alia*, mental anguish, embarrassment, humiliation, and depression as a result of the incident. *Id*.

Defendant claims that Plaintiff has failed to allege that the officers were acting pursuant to any policy or custom and has therefore failed to sufficiently plead a *Monell* claim. Dkt. No. 19-1 at 4-5. Additionally, Defendant asserts that because Plaintiff has failed to allege the initiation or continuation of a criminal proceeding against Plaintiff or the termination of the proceeding in his favor, he has failed to sufficiently plead a malicious prosecution claim. *Id*. at 6-7.

## III. DISCUSSION

---

[1] Prior to Plaintiff filing an opposition, Defendant filed a reply on March 12, 2021. Dkt. No. 21. Defendant asserts that because Plaintiff failed to submit a response, Defendant's motion must be granted. Dkt. No. 21-2 at 3-4. Plaintiff eventually filed an opposition on April 2, 2021. Dkt. No. 23. Defendant does not assert any prejudice it would suffer as a result of the Court allowing Plaintiff to submit a late opposition. Thus, the Court will consider Plaintiff's opposition.

A. **Standard of Review**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Govan*, 289 F. Supp. 2d at 295 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.     Municipal Liability**

Defendant asserts that Plaintiff has failed to allege any theory of *Monell* liability and therefore his complaint must be dismissed.  Dkt. No. 19-1 at 5.  Plaintiff's opposition does not address Defendant's assertions regarding *Monell* liability.  Dkt. No. 23.

A municipality "may not be held liable under Section 1983 unless the challenged action was performed pursuant to a municipal policy or custom." *Powers v. Gipson*, No. 04-CV-6338, 2004 WL 2123490, *2 (W.D.N.Y. Sept. 14, 2004) (citing *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)).  This is because "[m]unicipalities are not subject to Section 1983 liability solely on the basis of a *respondeat superior* theory." *Id.* at *2.  As a result, to demonstrate *Monell*

liability, a plaintiff must allege a violation of constitutional rights by employees of the municipality and "(1) 'the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]'; and (2) 'a causal connection—an "affirmative link"—between the policy and the deprivation of his constitutional rights.'" *Harper v. City of New York*, 424 Fed. Appx. 36, 38 (2d Cir. 2011) (quoting *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985)).

> A plaintiff may plead a municipal policy or custom by alleging: (1) a formal policy, promulgated or adopted by the entity; or (2) that an official with policymaking authority took action or made a specific decision which caused the alleged violation of constitutional rights; or (3) the existence of an unlawful practice by subordinate officials that was so permanent or well settled so as to constitute a custom or usage, and that the practice was so widespread as to imply the constructive acquiescence of policymaking officials.

*Shepherd v. Powers*, No. 11-CV-6860, 2012 WL 4477241, *9 (S.D.N.Y. Sept. 27, 2012) (internal quotation marks omitted).

Plaintiff's complaint does not allege any policy or custom. Plaintiff makes no reference to Defendant other than that the officers in the incident were employees of Defendant. While Plaintiff's complaint alleges that the officers were acting within the scope of their employment, "[m]unicipalities are not subject to Section 1983 liability solely on the basis of a *respondeat superior* theory." *Powers*, 2004 WL 2123490, at *2. Therefore, as "[P]laintiff does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of [Defendant]," he has failed to state a Section 1983 claim against Defendant and his complaint must be dismissed. *Id*.

C.   **Malicious Prosecution**

Plaintiff has also failed to sufficiently plead a claim for malicious prosecution. *See* Dkt. No. 1-1 at 3-4. Defendant asserts that Plaintiff has failed to allege the initiation or continuation of a criminal proceeding against Plaintiff or the termination of the proceeding in his favor. *Id*. at 6-7. Plaintiff asserts that he was arrested and this fact alone demonstrates the initiation or continuation of a criminal proceeding against him. Dkt. No. 23 at 1.

"In order to prevail on a §1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment, and establish the elements of a malicious prosecution claim under state law." *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002) (citations omitted). Malicious prosecution under New York State law requires a plaintiff to "prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997) (quoting *Russell v. Smith*, 68 F.3d 33, 36 (2d Cir. 1995)).

"Under New York law, police officers can 'initiate' prosecution by filing charges or other accusatory instruments." *Cameron v. City of New York*, 598 F.3d 50, 63 (2d Cir. 2010) (citing *Ricciuti v. N.Y. City Transit Auth*., 124 F.3d 123, 130 (2d Cir. 1997)). "'In malicious prosecution cases brought against police officers, plaintiffs have demonstrated that officers initiated criminal proceedings by having the plaintiff arraigned, by filling out complaining and corroborating affidavits, and by signing felony complaints.'" *Cooper v. City of New York*, No. 12 CIV. 8008, 2013 WL 5493011, *4 (S.D.N.Y. Oct. 2, 2013) (quoting *Mitchell v. Victoria Home*, 434 F. Supp. 2d 219, 227 (S.D.N.Y. 2006)).

"The requirement that a plaintiff show such a favorable termination is designed principally to ensure against inconsistent judgments . . . and to avoid parallel litigation as to questions of probable cause." *Murphy*, 118 F.3d at 948 (citations omitted). "Where the prosecution did not result in an acquittal, it is deemed to have ended in favor of the accused, for these purposes, only when its final disposition is such as to indicate the innocence of the accused." *Id*. (listing cases). "The answer to whether the termination is indicative of innocence depends on the nature and circumstances of the termination; the dispositive inquiry is whether the failure to proceed 'impl[ies] a lack of reasonable grounds for the prosecution.'" *Id*. (quoting *Loeb v. Teitelbaum*, 77 A.D.2d 92, 101 (2d Dep't 1980)) (alterations in original). "A dismissal of charges can be a favorable termination where 'the dismissal represents the formal abandonment of the proceedings by the public prosecutor.'" *Rodriguez v. City of New York*, 291 F. Supp. 3d 396, 413 (S.D.N.Y. 2018) (quoting *Russell v. The Journal News*, 672 Fed. Appx. 76, 79 (2d Cir. 2016)).

Plaintiff's complaint fails to sufficiently plead a malicious prosecution claim. Plaintiff fails to allege when, how, or why the criminal proceedings were resolved. *Ost v. Allegany Cty.*, No. 17-CV-847, 2019 WL 1517560, *3 (W.D.N.Y. Apr. 8, 2019) (finding that the *pro se* plaintiff's "malicious prosecution claims [were] subject to dismissal both because they [were] wholly conclusory and because [the plaintiff did] not allege how the criminal proceedings were resolved—let alone that they terminated in his favor"). Plaintiff merely alleges that he was put in handcuffs but that no further legal action was taken against him. Dkt. No. 1-1 at 3-4.[2] Thus,

---

[2] While unclear, Plaintiff's complaint appears to also allege that Officer Anken falsified reports to hinder continued investigations and obstruct justice. Dkt. No. 1-1 at 4. However, not only does Plaintiff's complaint not name Officer Anken as a defendant, it does not allege that Officer Anken forwarded this information to the prosecutor or that any of this evidence was used to prosecute

7

Plaintiff has failed to sufficiently plead a claim for malicious prosecution. Therefore, Plaintiff's claim must be dismissed on this alternative ground.

**D.     Personal Involvement**

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976) (quoting 42 U.S.C. § 1983). Not only must the conduct deprive the plaintiff of rights and privileges secured by the Constitution, but the actions or omissions attributable to each defendant must be the proximate cause of the injuries and consequent damages that the plaintiff sustained. *See Brown v. Coughlin*, 758 F. Supp. 876, 881 (S.D.N.Y. 1991) (citing *Martinez v. California*, 444 U.S. 277, 284-85 (1980)). As such, for a plaintiff to recover in a Section 1983 action, he must establish a causal connection between the acts or omissions of each defendant and any injury or damages he suffered as a result of those acts or omissions. *See id*. (citing *Givhan v. Western Line Consolidated School District*, 439 U.S. 410, (1979)) (other citation omitted).

*1. False Imprisonment/Unlawful Confinement*

"Under New York law, the elements of a false imprisonment claim are: '(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise

---

him. *Ricciuti v. N.Y.C. Transit Auth*., 124 F.3d 123, 130 (2d Cir. 1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983"). Rather, Plaintiff specifically states that no charges were brought against him. Dkt. No. 1-1 at 3.

privileged.'" *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (quoting *Broughton v. State*, 37 N.Y.2d 451, 456 (1975)) (alterations in original).

"'An arrest is privileged if it is based on probable cause.'" *Wagner v. Hyra*, No. 1:19-CV-4, 2021 WL 475331, *6 (N.D.N.Y. Feb. 10, 2021) (quoting *Tisdale v. Hartley*, 442 F. Supp. 3d 569, 573 (W.D.N.Y. 2020)). "A police officer has probable cause to arrest when he has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Id*. (quoting *Hulett v. City of Syracuse*, 253 F. Supp. 3d 462, 494 (N.D.N.Y. 2017)) (internal quotation marks omitted). "An 'arrest' occurs whenever a reasonable person in the plaintiff's position, innocent of any crime, would not believe that he/she was free to go." *Travis v. Vill. of Dobbs Ferry*, 355 F. Supp. 2d 740, 747 (S.D.N.Y. 2005).

Reading Plaintiff's complaint liberally, Plaintiff asserts that he was handcuffed by Officers Talerico and Santana and therefore confined. Dkt. No. 1-1 at 4. Plaintiff asserts that on January 7, 2020 or sometime thereafter, he was arrested by Officer Herkimer. *Id*. at 3. Plaintiff further asserts that because the arrest was warrantless and without probable cause, it was not privileged. *Id*. Plaintiff asserts that no charges were filed against him. *Id*. at 3.

While Plaintiff has sufficiently pled a false imprisonment claim, he fails to assert any direct participation on behalf of Defendant. *See id*. at 3-4. Plaintiff's complaint would be more properly brought against Officer Herkimer, Talerico, and Santana who Plaintiff asserts arrested him without probable cause. *See Mazza v. City of New York*, No. 98-CV-2343, 1999 WL 1289623, *9 (E.D.N.Y. July 13, 1999) (dismissing the plaintiff's complaint where he failed to

9

allege personal involvement of the named defendants and did not name the officers who arrested him as defendants despite explicitly alleging their wrong doing and identifying them in the body of the complaint); *Lawson v. Cesari*, No. 6:13-CV-1420, 2015 WL 3454427, *3 (N.D.N.Y. May 28, 2015) (dismissing the *pro se* plaintiff's complaint without prejudice where he failed to plead personal involvement on behalf of the defendant, a municipality, and failed to name the acting officers as defendants in the action).

As Plaintiff has sufficiently pled a false arrest claim but failed to allege personal involvement, the Court dismisses Plaintiff's false imprisonment claim without prejudice. *Lawson*, 2015 WL 3454427, at *3; *see also Bryant v. Ciminelli*, 267 F. Supp. 3d 467, 479-80 (W.D.N.Y. 2017) ("Although Plaintiff has failed to state a cause of action with respect to the claims outlined above, because the Court cannot definitively conclude that Plaintiff is unable to state a cause of action with respect to at least some of those claims, the dismissal is without prejudice").

### 2. Assault and Battery

"Under New York Law, an 'assault' is an intentional placing of another person in fear of imminent harmful or offensive contact." *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001). To recover damages for assault, "there must be proof of physical conduct placing the plaintiff in imminent apprehension of harmful contact." *Stanley v. Amalithone Realty, Inc.*, 31 Misc.3d 995, 1006 (Sup. Ct. N.Y. Cnty. 2011) (citing *Holtz v. Wildenstein & Co.*, 261 A.D.2d 336, 336 (1st Dep't 1999)). "[A] battery is an intentional wrongful physical contact with another person without consent," *Girden*, 262 F.3d at 203, "either personally or by means of an instrumentality." *Aberbach v. Biomedical Tissue Servs., Ltd.*, 48 A.D.3d 716, 718 (2d Dep't

2008). However, "the Fourth Amendment excessive force standard applies to assault and battery claims against a police officer under New York law." *Marcano v. City of Schenectady*, 38 F. Supp. 3d 238, 263 (N.D.N.Y. 2014) (citing *Humphrey v. Landers*, 344 Fed. Appx. 686, 688 (2d Cir. 2009)). "[W]here an arrest is unlawful and without consent, the use of force in an arrest must give rise to a claim for assault and battery." *Rucks v. City of New York*, 96 F. Supp. 3d 138, 153 (S.D.N.Y. 2015) (citing *Johnson v. Suffolk Cnty. Police Dep't*, 245 A.D.2d 340, 665 N.Y.S.2d 440, 441 (2d Dep't 1997)).

Again, reading Plaintiff's complaint liberally, Plaintiff asserts that on January 7, 2020 or sometime thereafter, he was arrested by Officer Herkimer. Dkt. No. 1-1 at 3. Plaintiff asserts that he was handcuffed, and therefore arrested, without a warrant and without probable cause. *Id*. at 4. However, Plaintiff does not assert any force was used. *See id*. at 3-4. Regardless, Plaintiff fails to assert any direct participation on behalf of Defendant. *See id*. Plaintiff's complaint would be more properly brought against Officers Herkimer, Talerico, and Santana who Plaintiff asserts arrested him without probable cause. *See Mazza*, 1999 WL 1289623, at *9; *Lawson*, 2015 WL 3454427, at *3.

As such, the Court dismisses Plaintiff's assault and battery claim without prejudice.

F.  **Opportunity to Be Heard**

In his opposition, Plaintiff asserts that the Court should not grant Defendant's motion to dismiss because it was filed before he had a full "opportunity to be heard." Dkt. No. 23 at 2. Plaintiff asserts that this means that he should be afforded the opportunity to, *inter alia*, engage in discovery, have a 50-h hearing, engage in settlement discussions, and possibly have a trial. *Id*.

11

Contrary to Plaintiff's assertion, he had a full opportunity to be heard. Plaintiff was given notice of Defendant's motion to dismiss and the Court allowed Plaintiff to submit an untimely opposition. Dkt. No. 19-1 at 8; Dkt. No. 23. The Court then reviewed Plaintiff's opposition and his complaint liberally and drew all reasonable inferences in his favor. Plaintiff has therefore had a full opportunity to be heard. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 84 (2d Cir. 2018) (holding that a briefing on a motion provides a sufficient opportunity to be heard).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's to Dismiss (Dkt. No. 19) is **GRANTED**; and the Court further

**ORDERS** that, in light of his *pro se* status, Plaintiff shall be afforded thirty (30) days to file an amended complaint; and the Court further

**ORDERS** that if Plaintiff fails to submit an amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 21, 2021
Albany, New York

Mae A. D'Agostino
U.S. District Judge